**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAULA GABRIEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL DIVISION |
| | ) | |
| XYLEM INC., | ) | No. 2:21-cv-00687-PLD |
| | ) | |
| Defendant. | ) | |

## DEFENDANT XYLEM INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Xylem Inc. ("Xylem" or "Defendant") now answers Plaintiff's Complaint. For ease of future reference, Plaintiff's allegations are set forth below verbatim, with Xylem's responses immediately following each allegation.

## PARTIES AND JURISDICTION

1.     Plaintiff, Paula Gabriel, is a resident of the Commonwealth of Pennsylvania, with an address of 152 Shroyer Mill Road, Butler, PA 16001. Plaintiff was an employee of Defendant.

**ANSWER:** Defendant admits that Plaintiff was employed by Xylem Water Solutions Zelienople LLC. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence and address and therefore denies the same and denies any remaining allegations contained in the foregoing paragraph

2.     Defendant Xylem, Inc. ("Xylem") is a limited liability company headquartered at 1 International Drive, Rye Brook, NY 10573.

**ANSWER:** Defendant states that its business name is "Xylem Inc.," without any comma. Defendant admits that its principal office address is 1 International Drive, Rye Brook, NY 10573.

Defendant denies that it is a limited liability company and any remaining allegations or implications contained in the foregoing paragraph.

3.      Xylem owned and operated the Zelienople, Pennsylvania location at which Plaintiff worked.

**ANSWER:** Defendant admits that it or a related entity owns the operations, and operates out of a location, in Zelienople, Pennsylvania, where Plaintiff worked.    Defendant denies any remaining allegations or implications contained in the foregoing paragraph.

4.      Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about June 3, 2020, which was dual-filed with the Pennsylvania Human Relations Commission.

**ANSWER:** Defendant admits that Plaintiff filed a charge with the EEOC on or about June 3, 2020.  Defendant is without knowledge or information sufficient to know whether or not Plaintiff's charge was dual-filed with the Pennsylvania Human Relations Commission and therefore denies the same.

5.      Plaintiff was issued a Notice of Right to Sue from the EEOC. See Notice attached collectively as Exhibit 1.

**ANSWER:** Defendant admits that Plaintiff has attached to her Complaint as Exhibit 1 a document titled "Dismissal and Notice of Rights."  Defendant further states that Exhibit 1 speaks for itself.

6.      Plaintiff has complied with all conditions precedent to filing this Complaint.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph and therefore denies the same.

2

7.      The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1367 for the PHRA claims Plaintiff will bring upon the exhaustion of her administrative remedies.

**ANSWER:**  Defendant admits that jurisdiction is currently proper in this Court based on the allegations in Plaintiff's Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning any theoretical future "PHRA claims" that are not currently part of this lawsuit.  Defendant denies any remaining allegations or implications contained in the foregoing paragraph, and denies it is liable to Plaintiff in any way.

8.      Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this Complaint occurred in Butler County, Pennsylvania.

**ANSWER:**  Defendant admits that venue is currently proper in this Court based on the allegations in Plaintiff's Complaint.  Defendant denies any remaining allegations or implications contained in the foregoing paragraph, and denies it is liable to Plaintiff in any way.

## FACTUAL ALLEGATIONS

9.      In September 2018, Xylem hired Gabriel as a Senior Buyer / Head of Procurement.

**ANSWER:**  Defendant admits that Plaintiff was hired in September 2018 as a Senior Buyer.  Defendant denies that Plaintiff was hired as "Head of Procurement" and further denies any remaining allegations contained in the foregoing paragraph.

10.      Throughout her approximately eighteen-month employment at Xylem, Gabriel was constantly subjected to the sexual advances of her direct supervisor, Michael Craig.

**ANSWER:**  Defendant denies the allegations in the foregoing paragraph, including that Plaintiff was subjected to sexual advances.

3

DMS 20228944.1

11.     Despite her repeated complaints to human resources and management about Craig's conduct, Xylem took no action to correct it.

**ANSWER:**  Defendant denies the allegations about "Craig's conduct" and the remaining allegations contained in the foregoing paragraph.

12.     Instead, Xylem retaliated against Gabriel by denying her opportunities and ultimately terminating her employment.

**ANSWER:**  Defendant denies the allegations of retaliation, denied opportunities, and the remaining allegations contained in the foregoing paragraph.  Answering further, Defendant states that Plaintiff voluntarily abandoned her job.

13.     A non-exhaustive list of the harassment to which Gabriel was subjected is detailed herein.

**ANSWER:**  Defendant denies that Plaintiff was subjected to harassment and further denies any remaining allegations or implications contained in the foregoing paragraph.

14.     Within the first week of her employment, Craig began making sex-based comments to Gabriel, which Gabriel reported to Human Resources Manager Sherri Magill.

**ANSWER:**   Defendant denies the allegations contained in the foregoing paragraph, including the allegation that Plaintiff made any report of any alleged sex-based comments to Ms. Magill.

15.     Magill said that she would get back to Gabriel, but she did not.

**ANSWER:**  Defendant denies the inference that Plaintiff reported sex-based comments to Ms. Magill as alleged and the remaining allegations contained in the foregoing paragraph.  Indeed, on November 7, 2018, Plaintiff reported in writing to Ms. Magill, "I really like it here!"

16.     Craig continued to make inappropriate sex-based comments to Gabriel.

**ANSWER:**  Defendant denies that Mr. Craig made inappropriate sex-based comments to Plaintiff and the remaining allegations contained in the foregoing paragraph.

17.     For example, in October 2018, Craig told Gabriel that she always looks "sexy."

**ANSWER:**   Defendant denies the referenced alleged comment and the remaining allegations contained in the foregoing paragraph.

18.     On another occasion, Craig said that he makes women "scream all the time" and wished Gabriel was one of those women.

**ANSWER:**   Defendant denies the referenced alleged comment and the remaining allegations contained in the foregoing paragraph.

19.     Craig's actions permeated through Xylem's Zelienople office and, resultantly, certain subordinates also made sex-based comments.

**ANSWER:**  Defendant denies the allegations related to Mr. Craig's alleged "actions" and the remaining allegations contained in the foregoing paragraph.

20.     Moreover, the fact that managers were involved in affairs with co-workers, caused additional unease in this hostile work environment.

**ANSWER:**   Defendant denies the allegation of a hostile environment and all other allegations contained in the foregoing paragraph.

21.     On or about November 1, 2018, Gabriel told Manager of Operations Sean Petraitis that Craig was sexually harassing her.

DMS 20228944.1

**ANSWER:**  Defendant denies knowledge of any report of sexual harassment and the alleged reporting of it.  Defendant denies all remaining allegations contained in the foregoing paragraph.

22.     In response, Petraitis said that Craig is a "good guy" and that Gabriel needed to "learn to get along with him."

**ANSWER:**  Defendant denies the inference that Plaintiff reported sexual harassment to Petraitis.  Defendant otherwise is without knowledge or information regarding the remaining allegations set forth in the foregoing paragraph and therefore denies same.

23.     On or about November 2, 2018, Craig told Gabriel that she looked amazing and should go to lunch with him.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

24.     When Gabriel said she was busy, Craig said that it was her loss and asked, "you do not want to be a loser at work, do you?"

**ANSWER:**   Defendant denies the allegations and inferences contained in the foregoing paragraph.

25.     When Gabriel asked what he meant, Craig instructed her to enter his office.

**ANSWER:**  Defendant denies the allegations and inferences contained in the foregoing paragraph.

26.     Once inside the private office, Craig told Gabriel that if she didn't have sex with him, she would find herself on the outside of the building.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

6

27.     Craig also made it known that he and Petraitis are in charge and that Petraitis listens to Craig.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

28.     Nevertheless, Gabriel rejected Craig's advances.

**ANSWER:**  Defendant denies the allegation of "advances" and the remaining allegations contained in the foregoing paragraph.

29.     On or about November 11, 2018, Craig blocked Gabriel from passing him in the hallway.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

30.     Gabriel asked if he could move and Craig said he would if Gabriel kissed him later.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

31.     Gabriel refused to kiss Craig.

**ANSWER:**  Defendant denies that Mr. Craig asked Plaintiff to kiss him and the remaining allegations contained in the foregoing paragraph.

32.     Often, Craig would intentionally walk past Gabriel and brush his shoulder against her breasts.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

33.     This touching was unwanted and offensive.

**ANSWER:**  Defendant denies any such touching occurred and the remaining allegations contained in the foregoing paragraph.

DMS 20228944.1

34.     On or about December 1, 2018, Gabriel went into Magill's office and asked Magill to please help her, as Craig was still harassing her.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

35.     Magill responded: "I have to look out for my job so I can't help you."

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

36.     On or about December 13, 2018, Craig grabbed Gabriel's buttocks at the Xylem holiday party at Bravo in Cranberry Township, PA.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

37.     Once again, this touching was unwanted and offensive and caused Gabriel, who is married, to feel physically ill.

**ANSWER:**  Defendant denies any such touching occurred and the remaining allegations contained in the foregoing paragraph.

38.     On or about December 14, 2018, Craig said that Gabriel "looked good" and that he wanted to have a party with her in any hotel nearby that Gabriel chose.

**ANSWER:**  Defendant denies the allegations and inferences contained in the foregoing paragraph.

39.     Gabriel understood that the word "party" meant sex.

**ANSWER:**  Defendant denies that Craig stated he wanted to have a party with Gabriel and the remaining allegations contained in the foregoing paragraph.

40.     Gabriel did not respond to Craig's unwanted sexual advance.

DMS 20228944.1

**ANSWER:**  Defendant denies that any such sexual advance occurred and the remaining allegations contained in the foregoing paragraph.

41.     Later, that day, at the Xylem Christmas Party, Craig told Gabriel that he felt "horny" for her.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

42.     Craig made this statement to Gabriel after Craig's wife walked away from the table at which they were sitting.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

43.     On or about January 1, 2019, Gabriel asked Petraitis to keep Craig away from her and to not schedule her to attend business trips with Craig.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

44.     Gabriel explained to Petraitis that Craig put his hands on her and constantly made unwanted advances toward her.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

45.     Moreover, Gabriel told Petraitis that she feared one day Craig would try to rape her.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

46.     Petraitis told Gabriel that he would speak with Craig; however, Petraitis never advised Gabriel whether he spoke with Craig.

**ANSWER:**  Defendant denies the allegations of wrongdoing and all other allegations contained in the foregoing paragraph.

DMS 20228944.1

47.     On or about January 7, 2019, Craig told two subordinate employees named Becky Brenneman and Christina Sanger that he planned to prevent Gabriel from advancing at the company and sought their assistance.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

48.     On or about January 28, 2019, Gabriel had dinner with Vice President Alberto Bozzi regarding a Procurement Project Manager position that would be opening, which Bozzi believed would be a good fit for Gabriel.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

49.     On or about February 4, 2019, Craig stared at Gabriel's breasts and said, "I would like to be like a baby and suck on those."

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

50.     On or about March 1, 2019, Gabriel called Senior Human Resources Manager Marie Hink and complained that Craig was sexually harassing her and recruiting employees to retaliate against her.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

51.     In response, Hink said that she trusts her management team and that there was no reason to look into Gabriel's accusations.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

52.     On or about March 5, 2019, Craig made a comment to Gabriel about a dirty joke that another co-worker had told and suggested that he and Gabriel have sex on his desk.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

DMS 20228944.1

53.     On or about April 20, 2019, Craig entered Gabriel's office, closed the door, spread his legs and began touching his private area.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

54.     Gabriel told Craig to stop and when he would not, she immediately left her office.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

55.     On May 9, Gabriel received a retaliatory write-up that was orchestrated by Craig, as a result of Gabriel having denied his sexual advances.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

56.     On or about June 1, 2019, Gabriel asked Petraitis permission to cease the 8 a.m. daily meetings with Craig, as his behavior was affecting her health.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

57.     In response, Petraitis said that it was hard for him to do anything because he and Craig had been friends for many years.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

58.     Thus, despite being advised that Craig's harassment was physically harming Gabriel, Petraitis still required Gabriel to meet with Craig daily and alone.

**ANSWER:**  Defendant denies the allegations of harassment and all other allegations contained in the foregoing paragraph.

59.     On June 15, 2019, Craig winked at Gabriel and asked her to come over to speak to him in the parking lot, but she refused.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

11

DMS 20228944.1

60.     On or about July 20, 2019, Gabriel was instructed to move her office after Brenneman made a complaint about Gabriel's voice.

**ANSWER:**  Defendant admits that Plaintiff's office location was moved.  Defendant denies the remaining allegations contained in the foregoing paragraph.

61.     Moreover, Xylem removed Gabriel's direct reports.

**ANSWER:**  Defendant admits that in or around August 2019, due to departmental restructuring, Plaintiff no longer had direct reports.  Defendant otherwise denies any remaining implications contained in the foregoing paragraph.

62.     On or about August 15, 2019, Craig told Gabriel that she should leave work early with him and that if she did not "play nice," she might lose her job.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

63.     In October 2019, Gabriel applied for the Procurement Project Manager position that Bozzi suggested would be a good fit.

**ANSWER:**  Defendant admits that Gabriel applied for a Procurement Project Manager position in or around October 2019, but denies the remaining allegations contained in the foregoing paragraph.

64.     In addition to wanting a promotion within the company, Gabriel also sought this position because it would give her the opportunity to get away from Craig.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph concerning any motivation(s) of Plaintiff.  Defendant further denies any suggestion that Plaintiff needed "to get away from

12

Craig" on account of any alleged harassment.  Defendant denies any remaining allegations contained in the foregoing paragraph.

65.     In December 2019, Craig asked Gabriel why she would not be "good with" him.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

66.     Gabriel understood Craig's statement to mean "have sex with" him.

**ANSWER:**  Defendant denies that any such statement was made and the remaining allegations contained in the foregoing paragraph.

67.     Once again, Gabriel rejected Craig's advances.

**ANSWER:**  Defendant denies that any such advances were made and the remaining allegations contained in the foregoing paragraph.

68.     On January 29, 2020, the Zelienople office was scheduled to be visited by an executive named Tobias Engstrom, who was flying from Sweden to the United States to meet with Gabriel and finalize the offer to her of the Procurement Project Manager position.

**ANSWER:**  Defendant admits that Tobias Engstrom was scheduled to visit the Zelienople location in late January 2020.  Defendant denies the remaining allegations contained in the foregoing paragraph.

69.     On January 29, 2020, before Engstrom arrived, Craig told Gabriel to enter his office and close the door.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

70.     Gabriel asked if this discussion could wait, as she was preparing for Engstrom's arrival, but Craig told her that it could not.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

71.     Craig then proceeded to tell Gabriel that she was hot and that if she did not sleep with him, she could kiss her promotion goodbye.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

72.     Craig also referenced that he had slept with other women in the building, which was something already known by Gabriel and, resultantly, contributed to the hostile work environment.

**ANSWER:**  Defendant denies the allegation of a hostile work environment and all other allegations contained in the foregoing paragraph.

73.     Gabriel again rejected Craig.

**ANSWER:**   Defendant denies that Craig asked Plaintiff to sleep with him and the remaining allegations contained in the foregoing paragraph.

74.     Later that day, Craig and Petraitis told Engstrom not to hire Gabriel.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

75.     On January 30, 2020, Gabriel reported Craig's sexual harassment to Petraitis in detail and expressed concern that it would prevent her from obtaining the promotion she deserved.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

76.     Gabriel said that she deserved the promotion and that she wanted it because it would enable her to not work near Craig.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

77.     On January 31, 2020, Hiring Manager Christian Hey, called Gabriel after speaking with Engstrom.

**ANSWER:**   Defendant denies that Mr. Hey on January 31, 2020 "called Gabriel after speaking with Engstrom" and any other allegations contained in the foregoing paragraph.

78.     Hay (sic) stated that he dreaded making this call because the plan was for Engstrom to travel to the United States, meet Gabriel and offer her the position.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

79.     Hay (sic) explained, however, that Craig and Petraitis made a big deal about her leaving Craig's team and that he could not offer her the position.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

80.     On February 4, 2020, Gabriel was scheduled to meet with Petraitis, Hink and another superior named Lisa Donegan.

**ANSWER:**  Defendant admits that a meeting was scheduled for February 4, 2020 between Petraitis, Hink, Donegan and Plaintiff to discuss Plaintiff's request that a May 2019 written warning be removed from Plaintiff's record.   Defendant otherwise denies any remaining allegations or implications contained in the foregoing paragraph.

81.     Earlier that day and just prior to this meeting, Craig told Gabriel that it was her last chance to sleep with him.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

82.     Again, Gabriel rejected Craig.

**ANSWER:** Defendant denies that Craig told Plaintiff that it was her last chance to sleep with him and the remaining allegations contained in the foregoing paragraph.

83. At the February 4, 2020 meeting, Gabriel was fired.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph. Rather, Plaintiff voluntarily abandoned her job after demanding a pay raise.

## COUNT I - SEX DISCRIMINATION

84. Plaintiff incorporates by reference herein Paragraphs 1 through 83 of the Complaint as if more fully set forth at length herein.

**ANSWER:** Defendant adopts and incorporates by reference its responses to Paragraphs 1-83 of Plaintiff's Complaint as if fully set forth herein.

85. Defendant's conduct described above and herein constitutes gender / sex discrimination and is a violation of Title VII.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

86. Defendant's discriminatory conduct was used as a basis for employment decisions affecting Plaintiff.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

87. The conduct described above and herein was unlawful gender / sex discrimination committed by Defendant's employees, servants and/or agents who had the effective ability to influence employment actions that could affect and did affect Plaintiff.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

88.     As a direct and proximate result of Defendant's unlawful, willful, deliberate discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, medical expenses, adverse effects on her career and diminished earning capacity.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

89.     As a direct and proximate result of Defendant's unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including but not limited emotional distress and anxiety.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

90.     As a result of Defendant's discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

**ANSWER:**  Defendant denies any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  Defendant denies any remaining allegations contained in the foregoing paragraph.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

DMS 20228944.1

**ANSWER:** Defendant denies any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law. Defendant denies any remaining allegations contained in the foregoing paragraph.

## COUNT II - SEXUAL HARASSMENT

91. Plaintiff incorporates by reference herein Paragraphs 1 through 90 of the Complaint as if more fully set forth at length herein.

**ANSWER:** Defendant adopts and incorporates by reference its responses to Paragraphs 1-90 of Plaintiff's Complaint as if fully set forth herein.

92. Defendant's conduct described above and herein constitutes sexual harassment and is a violation of Title VII.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

93. The conduct described above and herein was unwelcome and unwanted and constitutes sexual advances and/or other verbal or physical conduct of a sexual nature.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

94. The conduct described above and herein was explicitly and/or implicitly a term of condition of Plaintiff s employment.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

95. The conduct described above and herein was sexually harassing workplace behavior and quid pro quo sexual harassment.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

DMS 20228944.1

96.     Submission to such conduct was made either an explicit and/or implicit term or condition of Plaintiff s employment.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

97.     Submission to or rejection of the conduct was used as a basis for employment decisions affecting Plaintiff.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

98.     The conduct described also had the purpose or effect of unreasonably interfering with Plaintiffs work performance and/or creating an intimidating, hostile or offensive work environment.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

99.     The conduct described above and herein was unlawful sexual discrimination committed by Defendant's employees, servants and/or agents who had the effective ability to influence employment actions that could affect Plaintiff, including but not limited to firing.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

100.    As a direct and proximate result of Defendant's unlawful, willful, deliberate harassment and discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, medical expenses, adverse effects on her career and diminished earning capacity.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

DMS 20228944.1

101.    As a direct and proximate result of Defendant's unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including but not limited to emotional distress and anxiety.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

102.    By reason of Defendant's unlawful, willful, outrageous and deliberate misconduct towards Plaintiff, Plaintiff is entitled to recover both compensatory and punitive damages in addition to actual damages.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

103.    As a result of Defendant's discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

**ANSWER:**  Defendant denies any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  Defendant denies any remaining allegations contained in the foregoing paragraph.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

**ANSWER:**  Defendant denies any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  Defendant denies any remaining allegations contained in the foregoing paragraph.

## COUNT III - HOSTILE WORK ENVIRONMENT

104.    Plaintiff incorporates by reference herein Paragraphs 1 through 103 of the Complaint as if more fully set forth at length herein.

**ANSWER:**  Defendant adopts and incorporates by reference its responses to Paragraphs 1-103 of Plaintiff's Complaint as if fully set forth herein.

105.    Defendant's conduct described above and herein constitutes discrimination.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

106.    The conduct described above and herein was unwelcome and unwanted.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

107.    The conduct described had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

108.    The unwelcome and unlawful conduct was both subjectively abusive to Plaintiff and also objectively severe and pervasive enough to create a work environment that a reasonable person would find abusive.

**ANSWER:**  Defendant denies the allegations contained in the foregoing paragraph.

109.    Such conduct, as described above and herein, was frequent, severe, pervasive, physically threatening and humiliating, interfered with work performance, had an adverse effect of Plaintiff s psychological well-being and was conducted by harasser(s) who were superior in the organization.

DMS 20228944.1

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

110.    As a direct and proximate result of Defendant's unlawful, willful, deliberate harassment and discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, medical expenses, adverse effects on her career and diminished earning capacity.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

111.    As a direct and proximate result of Defendant's unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including emotional distress and anxiety.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

112.    By reason of Defendant's unlawful, willful, outrageous and deliberate misconduct towards Plaintiff, Plaintiff is entitled to recover both compensatory and punitive damages in addition to actual damages.

**ANSWER:** Defendant denies the allegations contained in the forgoing paragraph.

113.    As a result of Defendant's discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

**ANSWER:** Defendant denies any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  Defendant denies any remaining allegations contained in the foregoing paragraph.

DMS 20228944.1

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

**ANSWER:** Defendant denies any violations of wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  Defendant denies any remaining allegations contained in the foregoing paragraph.

## COUNT IV - UNLAWFUL RETALIATION

114.   Plaintiff incorporates by reference herein Paragraphs 1 through 113 of the Complaint as if more fully set forth at length herein.

**ANSWER:** Defendant adopts and incorporates by reference its responses to Paragraphs 1-113 of Plaintiff's Complaint as if fully set forth herein.

115.   Defendant's conduct described above and herein constitutes retaliation, in violation of the law.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

116.   Defendant's retaliation against Plaintiff, which includes but is not limited to the denial of her promotion and her termination, was the result of her objecting to the conduct she was experiencing as set forth throughout the Complaint.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

117.   As a direct and proximate result of Defendant's unlawful, willful, deliberate retaliation, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages, harm to her reputation, adverse effects on her career, physical and emotional pain and suffering, medical care, treatment and expenses, and diminished earning capacity.

**ANSWER:** Defendant denies the allegations contained in the foregoing paragraph.

118.    As a result of Defendant's retaliatory conduct, Plaintiff is entitled to all available damages, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) attorneys' fees and costs; and (4) punitive damages.

**ANSWER:** Defendant denies any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  Defendant denies any remaining allegations contained in the foregoing paragraph.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendants (sic) in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

**ANSWER:** Defendant denies any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  Defendant denies any remaining allegations contained in the foregoing paragraph.

## PENNSYLVANIA HUMAN RELATIONS ACT

119.    Plaintiff incorporates Paragraphs 1 through 118 of the Complaint as if fully set forth herein.

**ANSWER:** Defendant adopts and incorporates by reference its responses to Paragraphs 1-118 of Plaintiff's Complaint as if fully set forth herein.

120.    Plaintiff intends to assert a cause of action pursuant to the Pennsylvania Human Relations Act against Xylem as well as Michael Craig and Sean Petraitis, who will be added as additional defendants.

24

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to whether or not Plaintiff intends to assert a hypothetical cause of action pursuant to the Pennsylvania Human Relations Act ("PHRA") against Defendant or any currently unnamed individual(s). Answering further, Defendant denies any purported liability under the PHRA and denies all other allegations contained in the foregoing paragraph.

121.    Plaintiff will request leave to amend to bring a cause of action under the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. against Xylem, Michael Craig and Sean Petraitis, to secure full restitution of all damages resulting from Defendant's violation of the provision of the Pennsylvania Human Relations Act and for such other and further relief as may be appropriate upon the exhaustion of administrative remedies to the extent that the PHRA claims are not resolved before the PHRC.

**ANSWER:** Defendant is without knowledge of information sufficient to form a belief as to whether or not Plaintiff will seek leave to amend her Complaint to assert a hypothetical cause of action pursuant to the PHRA against Defendant or any currently unnamed individual(s). Answering further, Defendant denies any purported liability under the PHRA and denies all other allegations contained in the foregoing paragraph.

122.    Jurisdiction of this action will be based on the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to whether or not this Court will have jurisdiction over a hypothetical cause of action currently not before the Court and therefore denies the same.

123. Plaintiff's filings with the EEOC constituted an initiation of proceedings with the Pennsylvania Human Relations Commission pursuant to and by operation of the work sharing agreement between the EEOC and that agency.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the forgoing paragraph and therefore denies the same.

124. Accordingly, Plaintiff will move to amend the complaint to affirmatively assert PHRA claims upon the exhaustion of administrative remedies.

**ANSWER:** Defendant is without knowledge of information sufficient to form a belief as to whether or not Plaintiff will move to amend her Complaint to assert a hypothetical cause of action pursuant to the PHRA against Defendant or any currently unnamed individual(s). Answering further, Defendant denies any purported liability under the PHRA and denies all other allegations contained in the foregoing paragraph.

## JURY TRIAL DEMANDED

**ANSWER:** Defendant admits that Plaintiff has requested a jury trial in this action. However, Defendant objects to a jury determination of any equitable issues in this action or any other issues not triable by a jury. Defendant reserves the right to have all equitable matters decided by the Court.

## GENERAL DENIAL

Defendant denies any allegation in Plaintiff's Complaint that has not been expressly admitted herein.

DMS 20228944.1

## DEFENSES

For its defenses, Defendant asserts as follows, reserving the right to assert any further applicable defenses that may arise or be identified in the course of further investigation and discovery in this action and without assuming any burden of proof it would not otherwise bear.

### FIRST DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

### THIRD DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate her damages.

### FOURTH DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff's remedies may be limited or barred by the doctrine of after-acquired evidence.

### FIFTH DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims may be barred, in whole or in part, for her failure to exhaust administrative remedies, her failure to timely file this lawsuit and/or her charge of discrimination, and/or because they are beyond the scope of her administrative charge.

### SIXTH DEFENSE

Legitimate, non-discriminatory and non-retaliatory reasons existed for any and all actions taken with respect to Plaintiff, all decisions taken with regard to Plaintiff were based on reasonable

27

factors other than her sex and/or any alleged protected activity, and all such actions were made with good faith efforts to comply with applicable laws.

## SEVENTH DEFENSE

All actions taken regarding Plaintiff were done in good faith and/or with reasonable grounds for believing that its conduct and actions were not a violation of any applicable law.

## EIGHTH DEFENSE

Plaintiff's claims for damages are barred or limited by Title VII, the U.S. Constitution, the Pennsylvania Constitution, and/or any other relevant statute, law, or regulation.

## NINTH DEFENSE

Plaintiff has no right to damages because Defendant and/or Plaintiff's former employer would have made the same decisions and taken the same actions absent any alleged unlawful motivation.

## TENTH DEFENSE

Some or all of Plaintiff's requested relief is not available, given the nature of Plaintiff's claims.

## ELEVENTH DEFENSE

Plaintiff cannot state a legally cognizable claim for punitive damages because there is no evidence that Defendant and/or Plaintiff's former employer acted with malice or reckless indifference to Plaintiff's rights.

## TWELFTH DEFENSE

Subject to reasonable opportunity to conduct discovery, some or all of Plaintiff's claims may be barred by the doctrines of *res judicata*, waiver, estoppel (including judicial estoppel), unclean hands, and/or laches.

DMS 20228944.1

## THIRTEENTH DEFENSE

Defendant and Plaintiff's former employer exercised reasonable care to prevent and promptly correct inappropriate or unlawful conduct by establishing and publishing effective policies and complaint procedures for their employees, and Plaintiff unreasonably failed to take advantage of those policies and procedures.

## FOURTEENTH DEFENSE

The alleged acts or omissions of Defendant were not the cause in fact or legal cause of any alleged damages to Plaintiff.

## FIFTEENTH DEFENSE

Plaintiff's damages under Title VII are limited by all applicable statutory caps.

## SIXTEENTH DEFENSE

Plaintiff has failed to allege harm sufficient to support an award of equitable relief.

## RESERVATION OF RIGHTS

Defendant reserves the right to add additional defenses as further investigation and discovery reveal information relating to Plaintiff's claims and Defendant's defenses.

WHEREFORE, Defendant respectfully request that the Court enter judgment against Plaintiff and in favor of Defendant, that the Court dismiss Plaintiff's Complaint with prejudice, that Defendant be awarded the fees and costs incurred in its defense of this matter, and that Defendant be granted all other appropriate relief.

DMS 20228944.1

Respectfully submitted,

BARNES & THORNBURG LLP


*/s/ Justine Farris-Niehaus*
Kathleen M. Anderson
**BARNES & THORNBURG, LLP**
888 South Harrison Street, Suite 600
Fort Wayne, IN  46802
Tel:      (260) 425-4657
Fax:     (260) 424-8316
Email:  kathleen.anderson@btlaw.com

Justine Farris-Niehaus
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:      (317) 261-7855
Facsimile:       (317) 231-7433
E-Mail:            justine.farris@btlaw.com

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July 2021, a copy of the foregoing was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system:

    Robert A. Bracken
    Charles A. Lamberton
    **BRACKEN LAMBERTON, LLC**
    707 Grant Street
    Gulf Tower, Suite 1705
    Pittsburgh, PA 15219


*/s/Justine Farris-Niehaus*
Justine Farris-Niehaus

DMS 20228944.1