**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAULA GABRIEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL DIVISION |
| | ) | |
| XYLEM INC., XYLEM WATER | ) | No. 2:21-cv-00687-PLD |
| SOLUTIONS ZELIENOPLE LLC, | ) | |
| MICHAEL CRAIG and SEAN | ) | |
| PETRAITIS | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS XYLEM INC. AND XYLEM WATER SOLUTIONS ZELIENOPLE LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Xylem Inc. and Xylem Water Solutions Zelienople LLC (for purposes of this Answer, "these Defendants") now answer Plaintiff's Amended Complaint.

These Defendants note that Plaintiff filed her Amended Complaint on October 18, 2021 (Dkt. 21), amending her original complaint against Xylem Inc. and adding additional defendants. It does not appear Plaintiff has effectuated service of process on any of the three new defendants— Xylem Water Solutions Zelienople LLC, Michael Craig, and/or Sean Petraitis, that would trigger a duty to file any Answer or other response. In any event, the undersigned counsel file this Answer to Amended Complaint on behalf of not only Xylem Inc., but also Xylem Water Solutions Zelienople LLC (even though the latter has not been served).

For ease of future reference, Plaintiff's allegations are set forth below verbatim, with these Defendants' responses immediately following each allegation.

## **PARTIES AND JURISDICTION**

1.       Plaintiff, Paula Gabriel, is a resident of the Commonwealth of Pennsylvania, with an address of 152 Shroyer Mill Road, Butler, PA 16001. Plaintiff was an employee of Defendants.

**ANSWER:**   These Defendants admit that Plaintiff was employed by Xylem Water Solutions Zelienople LLC, but deny that Plaintiff was employed by any other named defendant. Answering further, current available information indicates that Plaintiff resides at the address provided.  These Defendants otherwise deny the allegations contained in the foregoing paragraph.

2.       Defendant Xylem Inc. is a limited liability company headquartered at 1 International Drive, Rye Brook, NY 10573.

**ANSWER:** Defendant Xylem Inc. admits that its principal office address is 1 International Drive, Rye Brook, NY 10573.  Xylem Inc. denies that it is a limited liability company.  These Defendants deny any remaining allegations or implications contained in the foregoing paragraph.

3.       Defendant Xylem Water Solutions Zelienople LLC is a limited liability company with a principal place of business located at 227 S. Division Street, Zelienople, PA 16063.

**ANSWER:**   Defendant Xylem Water Solutions Zelienople LLC admits the allegations contained in the foregoing paragraph.

4.       Xylem Water Solutions Zelienople LLC is a subsidiary of Xylem Inc.  These defendants shall be collectively referred to as "Xylem."

**ANSWER:**   These Defendants admit that Xylem Water Solutions Zelienople LLC is a subsidiary of Xylem Inc.  These Defendants are two separate corporate entities and deny that they should be referred to collectively as "Xylem."  These Defendants deny any remaining allegations or implications contained in the foregoing paragraph.

2

5.      Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about June 3, 2020, which was dual-filed with the Pennsylvania Human Relations Commission.

**ANSWER:**  These Defendants admit that Plaintiff filed an administrative charge with the EEOC on or about June 3, 2020.  These Defendants are without knowledge or information sufficient to know whether or not Plaintiff's charge was dual-filed with the Pennsylvania Human Relations Commission and therefore deny the same.

6.      Plaintiff was issued a Notice of Right to Sue from the EEOC. *See* Notice attached collectively as Exhibit 1.

**ANSWER:**  These Defendants admit that Plaintiff has attached to her Amended Complaint as Exhibit 1 a document titled "Dismissal and Notice of Rights."  These Defendants further state that Exhibit 1 speaks for itself.

7.      Plaintiff has complied with all conditions precedent to filing this Complaint.

**ANSWER:**  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph and therefore deny the same.

8.      The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1367 for the claims Plaintiff is now asserting under the Pennsylvania Human Relations Act.

**ANSWER:**  These Defendants admit that jurisdiction is currently proper in this Court based on the allegations in Plaintiff's Amended Complaint.  These Defendants deny any remaining

allegations or implications contained in the foregoing paragraph, and deny Defendants are liable to Plaintiff in any way.

9.      Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this Complaint occurred in Butler County, Pennsylvania.

**ANSWER:**  These Defendants admit that venue is currently proper in this Court based on the allegations in Plaintiff's Amended Complaint.  These Defendants deny any remaining allegations or implications contained in the foregoing paragraph, and deny Defendants are liable to Plaintiff in any way.

**FACTUAL ALLEGATIONS**

10.      In September 2018, Xylem hired Gabriel as a Senior Buyer / Head of Procurement.

**ANSWER:**  These Defendants admit that Plaintiff was hired in September 2018 by Xylem Water Solutions Zelienople LLC as a Senior Buyer.  These Defendants deny that Plaintiff was hired as "Head of Procurement" by any Defendant and further deny any remaining allegations contained in the foregoing paragraph.

11.      Throughout her approximately eighteen-month employment at Xylem, Gabriel was constantly subjected to the sexual advances of her direct supervisor, Michael Craig.

**ANSWER:**  These Defendants deny the allegations in the foregoing paragraph, including that Plaintiff was subjected to sexual advances by anyone and any implication that Plaintiff was employed by Xylem Inc.

12.      Despite her repeated complaints to human resources and management about Craig's conduct, Xylem took no action to correct it.

**ANSWER:**   These Defendants deny the allegations about "Craig's conduct," the suggestion that Plaintiff complained about any unlawful conduct by Mr. Craig, and all remaining allegations contained in the foregoing paragraph.

13.   Instead, Xylem retaliated against Gabriel by denying her opportunities and ultimately terminating her employment.

**ANSWER:**   These Defendants deny the allegations of retaliation, denied opportunities, and the remaining allegations contained in the foregoing paragraph.   Answering further, these Defendants state that Plaintiff voluntarily abandoned her job.

14.   A non-exhaustive list of the harassment to which Gabriel was subjected is detailed herein.

**ANSWER:**   These Defendants deny that Plaintiff was subjected to harassment and further deny any remaining allegations or implications contained in the foregoing paragraph.

15.   Within the first week of her employment, Craig began making sex-based comments to Gabriel, which Gabriel reported to Human Resources Manager Sherri Magill.

**ANSWER:**   These Defendants deny the allegations contained in the foregoing paragraph, including the allegation that Plaintiff made any report of any alleged sex-based comments to Ms. Magill.

16.   Magill said that she would get back to Gabriel, but she did not.

**ANSWER:**   These Defendants deny the inference that Plaintiff reported sex-based comments to Ms. Magill as alleged and the remaining allegations contained in the foregoing paragraph.   Indeed, on November 7, 2018, Plaintiff reported in writing to Ms. Magill, "I really like it here!"

17.     Craig continued to make inappropriate sex-based comments to Gabriel.

**ANSWER:**   These Defendants deny that Mr. Craig made inappropriate sex-based comments to Plaintiff and the remaining allegations contained in the foregoing paragraph.

18.     For example, in October 2018, Craig told Gabriel that she always looks "sexy."

**ANSWER:**   These Defendants deny the referenced alleged comment and the remaining allegations contained in the foregoing paragraph.

19.     On another occasion, Craig said that he makes women "scream all the time" and wished Gabriel was one of those women.

**ANSWER:**   These Defendants deny the referenced alleged comment and the remaining allegations contained in the foregoing paragraph.

20.     Craig's actions permeated through Xylem's Zelienople office and, resultantly, certain subordinates also made sex-based comments.

**ANSWER:**   These Defendants deny the allegations related to Mr. Craig's alleged "actions" and the remaining allegations contained in the foregoing paragraph.

21.     Moreover, the fact that managers were involved in affairs with co-workers, caused additional unease in this hostile work environment.

**ANSWER:**   These Defendants deny the allegation of a hostile environment and all other allegations contained in the foregoing paragraph.

22.     On or about November 1, 2018, Gabriel told Manager of Operations Sean Petraitis that Craig was sexually harassing her.

**ANSWER:**  These Defendants deny knowledge of any report of sexual harassment and the alleged reporting of it.  These Defendants deny all remaining allegations contained in the foregoing paragraph.

23.     In response, Petraitis said that Craig is a "good guy" and that Gabriel needed to "learn to get along with him."

**ANSWER:**  These Defendants deny the inference that Plaintiff reported sexual harassment to Mr. Petraitis.  These Defendants otherwise are without knowledge or information regarding the remaining allegations set forth in the foregoing paragraph and therefore deny the same.

24.     On or about November 2, 2018, Craig told Gabriel that she looked amazing and should go to lunch with him.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

25.     When Gabriel said she was busy, Craig said that it was her loss and asked, "you do not want to be a loser at work, do you?"

**ANSWER:**   These Defendants deny the allegations and inferences contained in the foregoing paragraph.

26.     When Gabriel asked what he meant, Craig instructed her to enter his office.

**ANSWER:**   These Defendants deny the allegations and inferences contained in the foregoing paragraph.

27.     Once inside the private office, Craig told Gabriel that if she didn't have sex with him, she would find herself on the outside of the building.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

28.     Craig also made it known that he and Petraitis are in charge and that Petraitis listens to Craig.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

29.     Nevertheless, Gabriel rejected Craig's advances.

**ANSWER:**   These Defendants deny the allegation of "advances" and the remaining allegations contained in the foregoing paragraph.

30.     On or about November 11, 2018, Craig blocked Gabriel from passing him in the hallway.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

31.     Gabriel asked if he could move and Craig said he would if Gabriel kissed him later.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

32.     Gabriel refused to kiss Craig.

**ANSWER:**   These Defendants deny that Mr. Craig asked Plaintiff to kiss him and the remaining allegations contained in the foregoing paragraph.

33.     Often, Craig would intentionally walk past Gabriel and brush his shoulder against her breasts.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

34.     This touching was unwanted and offensive.

**ANSWER:**   These Defendants deny any such touching occurred and the remaining allegations contained in the foregoing paragraph.

35.     On or about December 1, 2018, Gabriel went into Magill's office and asked Magill to please help her, as Craig was still harassing her.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

36.     Magill responded: "I have to look out for my job so I can't help you."

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

37.     On or about December 13, 2018, Craig grabbed Gabriel's buttocks at the Xylem holiday party at Bravo in Cranberry Township, PA.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

38.     Once again, this touching was unwanted and offensive and caused Gabriel, who is married, to feel physically ill.

**ANSWER:**  These Defendants deny any such touching occurred and the remaining allegations contained in the foregoing paragraph.  Answering further, these Defendants state, upon information and belief based on Plaintiff's own discovery responses, Plaintiff is not married.

39.     On or about December 14, 2018, Craig said that Gabriel "looked good" and that he wanted to have a party with her in any hotel nearby that Gabriel chose.

**ANSWER:**  These Defendants deny the allegations and inferences contained in the foregoing paragraph.

40.     Gabriel understood that the word "party" meant sex.

**ANSWER:**  These Defendants deny that Mr. Craig stated he wanted to have a party with Gabriel and the remaining allegations contained in the foregoing paragraph.

41.     Gabriel did not respond to Craig's unwanted sexual advance.

**ANSWER:**   These Defendants deny that any such sexual advance occurred and the remaining allegations contained in the foregoing paragraph.

42.     Later, that day, at the Xylem Christmas Party, Craig told Gabriel that he felt "horny" for her.

**ANSWER:**   These Defendants deny the allegations contained in the foregoing paragraph.

43.     Craig made this statement to Gabriel after Craig's wife walked away from the table at which they were sitting.

**ANSWER:**   These Defendants deny the allegations contained in the foregoing paragraph.

44.     On or about January 1, 2019, Gabriel asked Petraitis to keep Craig away from her and to not schedule her to attend business trips with Craig.

**ANSWER:**   These Defendants deny the allegations contained in the foregoing paragraph.

45.     Gabriel explained to Petraitis that Craig put his hands on her and constantly made unwanted advances toward her.

**ANSWER:**   These Defendants deny the allegations contained in the foregoing paragraph.

46.     Moreover, Gabriel told Petraitis that she feared one day Craig would try to rape her.

**ANSWER:**   These Defendants deny the allegations contained in the foregoing paragraph.

47.     Petraitis told Gabriel that he would speak with Craig; however, Petraitis never advised Gabriel whether he spoke with Craig.

**ANSWER:**   These Defendants deny the allegations of wrongdoing and all other allegations contained in the foregoing paragraph.

48.     On or about January 7, 2019, Craig told two subordinate employees named Becky Brenneman and Christina Sanger that he planned to prevent Gabriel from advancing at the company and sought their assistance.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

49.     On or about January 28, 2019, Gabriel had dinner with Vice President Alberto Bozzi regarding a Procurement Project Manager position that would be opening, which Bozzi believed would be a good fit for Gabriel.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

50.     On or about February 4, 2019, Craig stared at Gabriel's breasts and said, "I would like to be like a baby and suck on those."

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

51.     On or about March 1, 2019, Gabriel called Senior Human Resources Manager Marie Hink and complained that Craig was sexually harassing her and recruiting employees to retaliate against her.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

52.     In response, Hink said that she trusts her management team and that there was no reason to look into Gabriel's accusations.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

53.     On or about March 5, 2019, Craig made a comment to Gabriel about a dirty joke that another co-worker had told and suggested that he and Gabriel have sex on his desk.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

54.     On or about April 20, 2019, Craig entered Gabriel's office, closed the door, spread his legs and began touching his private area.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

55.     Gabriel told Craig to stop and when he would not, she immediately left her office.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

56.     On May 9, Gabriel received a retaliatory write-up that was orchestrated by Craig, as a result of Gabriel having denied his sexual advances.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

57.     On or about June 1, 2019, Gabriel asked Petraitis permission to cease the 8 a.m. daily meetings with Craig, as his behavior was affecting her health.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

58.     In response, Petraitis said that it was hard for him to do anything because he and Craig had been friends for many years.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

59.     Thus, despite being advised that Craig's harassment was physically harming Gabriel, Petraitis still required Gabriel to meet with Craig daily and alone.

**ANSWER:**  These Defendants deny the allegations of harassment and all other allegations contained in the foregoing paragraph.

60.     On June 15, 2019, Craig winked at Gabriel and asked her to come over to speak to him in the parking lot, but she refused.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

61.     On or about July 20, 2019, Gabriel was instructed to move her office after Brenneman made a complaint about Gabriel's voice.

**ANSWER:**  These Defendants admit that Plaintiff's office location was moved.  These Defendants deny the remaining allegations contained in the foregoing paragraph.

62.     Moreover, Xylem removed Gabriel's direct reports.

**ANSWER:**  These Defendants admit that in or around August 2019, due to departmental restructuring, Plaintiff no longer had direct reports.  These Defendants otherwise deny any remaining implications contained in the foregoing paragraph.

63.     On or about August 15, 2019, Craig told Gabriel that she should leave work early with him and that if she did not "play nice," she might lose her job.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

64.     In October 2019, Gabriel applied for the Procurement Project Manager position that Bozzi suggested would be a good fit.

**ANSWER:**   These Defendants admit that Plaintiff applied for a Procurement Project Manager position in or around October 2019, but deny the remaining allegations contained in the foregoing paragraph.

65.     In addition to wanting a promotion within the company, Gabriel also sought this position because it would give her the opportunity to get away from Craig.

**ANSWER:**  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph concerning any motivation(s) of Plaintiff.  These Defendants further deny any suggestion that Plaintiff needed "to

get away from Craig" on account of any alleged harassment.   These Defendants deny any remaining allegations contained in the foregoing paragraph.

66.     In December 2019, Craig asked Gabriel why she would not be "good with" him.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

67.     Gabriel understood Craig's statement to mean "have sex with" him.

**ANSWER:**  These Defendants deny that any such statement was made and the remaining allegations contained in the foregoing paragraph.

68.     Once again, Gabriel rejected Craig's advances.

**ANSWER:**  These Defendants deny that any such advances were made and the remaining allegations contained in the foregoing paragraph.

69.     On January 29, 2020, the Zelienople office was scheduled to be visited by an executive named Tobias Engstrom, who was flying from Sweden to the United States to meet with Gabriel and finalize the offer to her of the Procurement Project Manager position.

**ANSWER:**     These Defendants admit that Tobias Engstrom was scheduled to visit the Zelienople location in late January 2020.   These Defendants deny the remaining allegations contained in the foregoing paragraph.

70.     On January 29, 2020, before Engstrom arrived, Craig told Gabriel to enter his office and close the door.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

71.     Gabriel asked if this discussion could wait, as she was preparing for Engstrom's arrival, but Craig told her that it could not.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

72.     Craig then proceeded to tell Gabriel that she was hot and that if she did not sleep with him, she could kiss her promotion goodbye.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

73.     Craig also referenced that he had slept with other women in the building, which was something already known by Gabriel and, resultantly, contributed to the hostile work environment.

**ANSWER:**  These Defendants deny the allegation of a hostile work environment and all other allegations contained in the foregoing paragraph.

74.     Gabriel again rejected Craig.

**ANSWER:**  These Defendants deny that Mr. Craig asked Plaintiff to sleep with him and the remaining allegations contained in the foregoing paragraph.

75.     Later that day, Craig and Petraitis told Engstrom not to hire Gabriel.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

76.     On January 30, 2020, Gabriel reported Craig's sexual harassment to Petraitis in detail and expressed concern that it would prevent her from obtaining the promotion she deserved.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

77.     Gabriel said that she deserved the promotion and that she wanted it because it would enable her to not work near Craig.

**ANSWER:**  These Defendants deny the allegations contained in the foregoing paragraph.

78.     On January 31, 2020, Hiring Manager Christian Hey, called Gabriel after speaking with Engstrom.

**ANSWER:**   These Defendants deny that Mr. Hey on January 31, 2020 "called Gabriel after speaking with Engstrom" and any other allegations contained in the foregoing paragraph.

79.     Hay (sic) stated that he dreaded making this call because the plan was for Engstrom to travel to the United States, meet Gabriel and offer her the position.

**ANSWER:** These Defendants deny the allegations contained in the foregoing paragraph.

80.     Hay (sic) explained, however, that Craig and Petraitis made a big deal about her leaving Craig's team and that he could not offer her the position.

**ANSWER:** These Defendants deny the allegations contained in the foregoing paragraph.

81.     On February 4, 2020, Gabriel was scheduled to meet with Petraitis, Hink and another superior named Lisa Donegan.

**ANSWER:** These Defendants admit that a meeting was scheduled for February 4, 2020 between Mr. Petraitis, Ms. Hink, Ms. Donegan and Plaintiff to discuss Plaintiff's request that a May 2019 written warning be removed from Plaintiff's record.  These Defendants otherwise deny any remaining allegations or implications contained in the foregoing paragraph.

82.     Earlier that day and just prior to this meeting, Craig told Gabriel that it was her last chance to sleep with him.

**ANSWER:** These Defendants deny the allegations contained in the foregoing paragraph.

83.     Again, Gabriel rejected Craig.

16

**ANSWER:** These Defendants deny that Mr. Craig told Plaintiff that it was her last chance to sleep with him and the remaining allegations contained in the foregoing paragraph.

84.    At the February 4, 2020 meeting, Gabriel was fired.

**ANSWER:** These Defendants deny the allegations contained in the foregoing paragraph. Rather, Plaintiff voluntarily abandoned her job after demanding a pay raise.

## COUNT I - SEX DISCRIMINATION
### *Plaintiff v. Xylem Inc. and Xylem Water Solutions Zelienople LLC*

85.    Plaintiff incorporates by reference herein Paragraphs 1 through 84 of the Complaint as if more fully set forth at length herein.

**ANSWER:** These Defendants adopt and incorporate by reference their responses to Paragraphs 1-84 of Plaintiff's Amended Complaint as if fully set forth herein.

86.    Defendants' conduct described above and herein constitutes gender / sex discrimination and is a violation of Title VII and the Pennsylvania Human Relations Act.

**ANSWER:** These Defendants deny the referenced "conduct described above and herein" and the other allegations contained in the foregoing paragraph.

87.    Defendants' discriminatory conduct was used as a basis for employment decisions affecting Plaintiff.

**ANSWER:** These Defendants deny the allegation of "discriminatory conduct" and the other allegations contained in the foregoing paragraph.

88.    The conduct described above and herein was unlawful gender / sex discrimination committed by Defendants' employees, servants and/or agents who had the effective ability to influence employment actions that could affect and did affect Plaintiff.

17

**ANSWER:**   These Defendants deny the allegation of "conduct described above and herein" and the other allegations contained in the foregoing paragraph.

89.    As a direct and proximate result of Defendants' unlawful, willful, deliberate discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, medical expenses, adverse effects on her career and diminished earning capacity.

**ANSWER:**   These Defendants deny the allegation of "discrimination" and the other allegations contained in the foregoing paragraph.

90.    As a direct and proximate result of Defendants' unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including but not limited emotional distress and anxiety.

**ANSWER:**   These Defendants deny the allegation of "discrimination and harassment" and the other allegations contained in the foregoing paragraph.

91.    As a result of Defendants' discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

**ANSWER:**   These Defendants deny any violations or wrongdoing of any kind (including the allegation of "discriminatory conduct") and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

92.     Plaintiff is also seeking all available damages under the Pennsylvania Human Relations Act.

**ANSWER:**  These Defendants deny any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law. These Defendants deny any remaining allegations contained in the foregoing paragraph.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendants in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

**ANSWER:**  These Defendants deny any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

### COUNT II - SEXUAL HARASSMENT
*Plaintiff v. Xylem Inc. and Xylem Water Solutions Zelienople LLC*

93.     Plaintiff incorporates by reference herein Paragraphs 1 through 92 of the Complaint as if more fully set forth at length herein.

**ANSWER:**  These Defendants adopt and incorporate by reference their responses to Paragraphs 1-92 of Plaintiff's Amended Complaint as if fully set forth herein.

94.     Defendants' conduct described above and herein constitutes sexual harassment and is a violation of Title VII and the Pennsylvania Human Relations Act.

**ANSWER:**  These Defendants deny the referenced "conduct described above and herein" and the other allegations contained in the foregoing paragraph.

95.     The conduct described above and herein was unwelcome and unwanted and constitutes sexual advances and/or other verbal or physical conduct of a sexual nature.

**ANSWER:**  These Defendants deny the referenced "conduct described above and herein" and the other allegations contained in the foregoing paragraph.

96.     The conduct described above and herein was explicitly and/or implicitly a term of condition of Plaintiff s employment.

**ANSWER:**  These Defendants deny the referenced "conduct described above and herein" and the other allegations contained in the foregoing paragraph.

97.     The conduct described above and herein was sexually harassing workplace behavior and quid pro quo sexual harassment.

**ANSWER:**  These Defendants deny the referenced "conduct described above and herein" and the other allegations contained in the foregoing paragraph.

98.     Submission to such conduct was made either an explicit and/or implicit term or condition of Plaintiff s employment.

**ANSWER:**   These Defendants deny the allegation of "such conduct" and the other allegations contained in the foregoing paragraph.

99.     Submission to or rejection of the conduct was used as a basis for employment decisions affecting Plaintiff.

**ANSWER:**  These Defendants deny the allegation of wrongful "conduct" and the other allegations contained in the foregoing paragraph.

100.    The conduct described also had the purpose or effect of unreasonably interfering with Plaintiffs work performance and/or creating an intimidating, hostile or offensive work environment.

**ANSWER:**  These Defendants deny the allegation of wrongful "conduct" and the other allegations contained in the foregoing paragraph.

101.    The conduct described above and herein was unlawful sexual discrimination committed by Defendants' employees, servants and/or agents who had the effective ability to influence employment actions that could affect Plaintiff, including but not limited to firing.

**ANSWER:**  These Defendants deny the allegation of wrongful "conduct" and the other allegations contained in the foregoing paragraph.

102.    As a direct and proximate result of Defendants' unlawful, willful, deliberate harassment and discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, medical expenses, adverse effects on her career and diminished earning capacity.

**ANSWER:**  These Defendants deny the referenced "harassment and discrimination" and the other allegations contained in the foregoing paragraph.

103.    As a direct and proximate result of Defendants' unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including but not limited to emotional distress and anxiety.

**ANSWER:**  These Defendants deny the allegation of "discrimination and harassment" and the other allegations contained in the foregoing paragraph.

21

104.    By reason of Defendants' unlawful, willful, outrageous and deliberate misconduct towards Plaintiff, Plaintiff is entitled to recover both compensatory and punitive damages in addition to actual damages.

**ANSWER:** These Defendants deny the allegation of "misconduct" and the other allegations contained in the foregoing paragraph.

105.    As a result of Defendants' discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

**ANSWER:** These Defendants deny any violations or wrongdoing of any kind (including the allegation of "discriminatory conduct") and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

106.    Plaintiff is also seeking all available damages under the Pennsylvania Human Relations Act.

**ANSWER:** These Defendants deny any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendants in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

**ANSWER:**  These Defendants deny any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

## COUNT III - HOSTILE WORK ENVIRONMENT
### *Plaintiff v. Xylem Inc. and Xylem Water Solutions Zelienople LLC*

107.    Plaintiff incorporates by reference herein Paragraphs 1 through 106 of the Complaint as if more fully set forth at length herein.

**ANSWER:**  These Defendants adopt and incorporate by reference their responses to Paragraphs 1-106 of Plaintiff's Amended Complaint as if fully set forth herein.

108.    Defendants' conduct described above and herein constitutes discrimination.

**ANSWER:**  These Defendants deny the allegation of "conduct described above and herein" and the other allegations contained in the foregoing paragraph.

109.    The conduct described above and herein was unwelcome and unwanted.

**ANSWER:**  These Defendants deny the allegation of "conduct described above and herein" and the other allegations contained in the foregoing paragraph.

110.    The conduct described had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

**ANSWER:**  These Defendants deny the allegation of "conduct described" and the other allegations contained in the foregoing paragraph.

111.   The unwelcome and unlawful conduct was both subjectively abusive to Plaintiff and also objectively severe and pervasive enough to create a work environment that a reasonable person would find abusive.

**ANSWER:**  These Defendants deny the allegation of "unwelcome and unlawful conduct" and the other allegations contained in the foregoing paragraph.

112.   Such conduct, as described above and herein, was frequent, severe, pervasive, physically threatening and humiliating, interfered with work performance, had an adverse effect of Plaintiff s psychological well-being and was conducted by harasser(s) who were superior in the organization.

**ANSWER:**  These Defendants deny the allegation of "conduct, as described above and herein" and all other allegations contained in the foregoing paragraph.

113.   As a direct and proximate result of Defendants' unlawful, willful, deliberate harassment and discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, medical expenses, adverse effects on her career and diminished earning capacity.

**ANSWER:**  These Defendants deny the allegation of "harassment and discrimination" and the other allegations contained in the foregoing paragraph.

114.   As a direct and proximate result of Defendants' unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including emotional distress and anxiety.

**ANSWER:**  These Defendants deny the allegation of "discrimination and harassment" and the other allegations contained in the foregoing paragraph.

115.    By reason of Defendants' unlawful, willful, outrageous and deliberate misconduct towards Plaintiff, Plaintiff is entitled to recover both compensatory and punitive damages in addition to actual damages.

**ANSWER:**   These Defendants deny the allegation of "misconduct" and the other allegations contained in the forgoing paragraph.

116.    As a result of Defendants' discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

**ANSWER:**  These Defendants deny any violations or wrongdoing of any kind (including "discriminatory conduct") and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

117.    Plaintiff is also seeking all available damages under the Pennsylvania Human Relations Act.

**ANSWER:**  These Defendants deny any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendants in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

**ANSWER:**  These Defendants deny any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

## COUNT IV - UNLAWFUL RETALIATION
### *Plaintiff v. All Defendants*

118.    Plaintiff incorporates by reference herein Paragraphs 1 through 117 of the Complaint as if more fully set forth at length herein.

**ANSWER:**  These Defendants adopt and incorporate by reference their responses to Paragraphs 1-117 of Plaintiff's Amended Complaint as if fully set forth herein.

119.    Section 955(d) of the Pennsylvania Human Relations Act permits the filing of a cause of action against employers and individuals that engaged in retaliation.

**ANSWER:**  The foregoing alleges a legal conclusion to which no response is required.  To the extent an answer may be required, these Defendants state that Section 955(d) speaks for itself, and these Defendants deny having engaged in any retaliation.

120.    Accordingly, Plaintiff has filed this claim against all defendants under the PHRA.

**ANSWER:**  These Defendants admit that Plaintiff purports to bring a cause of action under the PHRA, but these Defendants deny they are liable to Plaintiff in any way.

121.    Under Title VII, Plaintiff asserts this claim against Xylem Inc. and Xylem Water Solutions Zelienople LLC.

**ANSWER:**  These Defendants admit that Plaintiff purports to bring a cause of action under Title VII against Xylem Inc. and Xylem Water Solutions Zelienople LLC, but these Defendants deny they are liable to Plaintiff in any way.

26

122.    Defendants' conduct described above and herein constitutes retaliation, in violation of the law.

**ANSWER:**   These Defendants deny the allegation of "conduct described above and herein" and "retaliation" and all other allegations contained in the foregoing paragraph.

123.    Defendants' retaliation against Plaintiff, which includes but is not limited to the denial of her promotion and her termination, was the result of her objecting to the conduct she was experiencing as set forth throughout the Complaint.

**ANSWER:**   These Defendants deny the allegation of "retaliation" and other allegations contained in the foregoing paragraph.

124.    As a direct and proximate result of Defendants' unlawful, willful, deliberate retaliation, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages, harm to her reputation, adverse effects on her career, physical and emotional pain and suffering, medical care, treatment and expenses, and diminished earning capacity.

**ANSWER:**   These Defendants deny the allegation of retaliation and the other allegations contained in the foregoing paragraph.

125.    As a result of Defendants' retaliatory conduct, Plaintiff is entitled to all available damages, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) attorneys' fees and costs; and (4) punitive damages.

**ANSWER:**   These Defendants deny any violations or wrongdoing of any kind (including "retaliatory conduct") and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

126.    As a result of Defendants' discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

**ANSWER:**  These Defendants deny any violations or wrongdoing of any kind (including "discriminatory conduct") and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

127.    Plaintiff is also seeking all available damages under the Pennsylvania Human Relations Act.

**ANSWER:**  These Defendants deny any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendants in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

**ANSWER:**  These Defendants deny any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

## COUNT V – AIDING AND ABETTING
### *Plaintiff v. Michael Craig and Sean Petraitis*

128.    Plaintiff incorporates Paragraphs 1 through 127 of the Complaint as if fully set forth herein.

**ANSWER:** These Defendants adopt and incorporate by reference their responses to Paragraphs 1-127 of Plaintiff's Amended Complaint as if fully set forth herein.

129.    Section 955(e) of the Pennsylvania Human Relations Act permits the filing of a cause of action against an individual involved in aiding and abetting discrimination.

**ANSWER:** No factual allegations in the foregoing paragraph are directed at Xylem Inc. or Xylem Water Solutions Zelienople LLC.  Thus, no response by these Defendants is required. To the extent an answer may be required, these Defendants state that the foregoing alleges a legal conclusion and Section 955(e) speaks for itself.

130.    Craig and Petraitis aided and abetted the discrimination and harassment set forth throughout this Complaint.

**ANSWER:** No factual allegations in the foregoing paragraph are directed at Xylem Inc. or Xylem Water Solutions Zelienople LLC.  Thus, no response by these Defendants is required. To the extent an answer may be required, these Defendants deny any and all alleged "discrimination and harassment set forth throughout this Complaint" and all other allegations contained in the foregoing paragraph.

131.    As a direct and proximate result of this Defendants' (sic) unlawful conduct, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

**ANSWER:** No factual allegations in the foregoing paragraph are directed at Xylem Inc. or Xylem Water Solutions Zelienople LLC.  Thus, no response by these Defendants is required.

To the extent an answer may be required, these Defendants deny the allegation of "unlawful conduct" and the other allegations contained in the foregoing paragraph.

132.    As a direct and proximate result of this Defendants' (sic) unlawful conduct, Plaintiff suffered from physical problems including emotional distress and anxiety.

**ANSWER:**  No factual allegations in the foregoing paragraph are directed at Xylem Inc. or Xylem Water Solutions Zelienople LLC.  Thus, no response by these Defendants is required. To the extent an answer may be required, these Defendants deny the allegations contained in the foregoing paragraph.

133.    As a result of this Defendants' (sic) discriminatory conduct, Plaintiff is entitled to all available damages pursuant to the PHRA, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; and (4) attorneys' fees and costs.

**ANSWER:**  No factual allegations in the foregoing paragraph are directed at Xylem Inc. or Xylem Water Solutions Zelienople LLC.  Thus, no response by these Defendants is required. To the extent an answer may be required, these Defendants deny any violations or wrongdoing of any kind (including any "discriminatory conduct") and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendants in an amount to be determined with attorneys' fees and costs assessed as well as any other relief or damages deemed proper by the Court.

**ANSWER:**  No factual allegations in the foregoing paragraph are directed at Xylem Inc. or Xylem Water Solutions Zelienople LLC.  Thus, no response by these Defendants is required. To the extent an answer may be required, these Defendants deny any violations or wrongdoing of any kind and that Plaintiff is entitled to any relief, in equity or at law.  These Defendants deny any remaining allegations contained in the foregoing paragraph.

## JURY TRIAL DEMANDED

**ANSWER:**  These Defendants admit that Plaintiff has requested a jury trial in this action. However, these Defendants object to a jury determination of any equitable issues in this action or any other issues not triable by a jury.  These Defendants reserve the right to have all equitable matters decided by the Court.

## GENERAL DENIAL

These Defendants deny any allegation in Plaintiff's Amended Complaint that has not been expressly admitted herein.

## DEFENSES

For their defenses, these Defendants assert as follows, reserving the right to assert any further applicable defenses that may arise or be identified in the course of further investigation and discovery in this action and without assuming any burden of proof it would not otherwise bear.

### FIRST DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff fails to state a claim against these Defendants upon which relief may be granted.

**SECOND DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

**THIRD DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate her damages.

**FOURTH DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, Plaintiff's remedies may be limited or barred by the doctrine of after-acquired evidence.

**FIFTH DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims may be barred, in whole or in part, for her failure to exhaust administrative remedies, her failure to timely file this lawsuit and/or her charge of discrimination, and/or because they are beyond the scope of her administrative charge.

**SIXTH DEFENSE**

Legitimate, non-discriminatory and non-retaliatory reasons existed for any and all actions taken with respect to Plaintiff, all decisions taken with regard to Plaintiff were based on reasonable factors other than her sex and/or any alleged protected activity, and all such actions were made with good faith efforts to comply with applicable laws.

**SEVENTH DEFENSE**

All actions taken regarding Plaintiff were done in good faith and/or with reasonable grounds for believing that its conduct and actions were not a violation of any applicable law.

**EIGHTH DEFENSE**

Plaintiff's claims for damages are barred or limited by Title VII, the PHRA, the U.S. Constitution, the Pennsylvania Constitution, and/or any other relevant statute, law, or regulation.

**NINTH DEFENSE**

Plaintiff has no right to damages because Plaintiff's former employer (Xylem Water Solutions Zelienople LLC) would have made the same decisions and taken the same actions absent any alleged unlawful motivation.

**TENTH DEFENSE**

Some or all of Plaintiff's requested relief is not available, given the nature of Plaintiff's claims.

**ELEVENTH DEFENSE**

Plaintiff cannot state a legally cognizable claim for punitive damages because there is no evidence that Xylem Inc. or Xylem Water Solutions Zelienople LLC acted with malice or reckless indifference to Plaintiff's rights.

**TWELFTH DEFENSE**

Subject to reasonable opportunity to conduct discovery, some or all of Plaintiff's claims may be barred by the doctrines of *res judicata*, waiver, estoppel (including judicial estoppel), unclean hands, and/or laches.

**THIRTEENTH DEFENSE**

Xylem Inc. and Xylem Water Solutions Zelienople LLC exercised reasonable care to prevent and promptly correct inappropriate or unlawful conduct by establishing and publishing effective policies and complaint procedures for their employees, and Plaintiff unreasonably failed to take advantage of those policies and procedures.

**FOURTEENTH DEFENSE**

The alleged acts or omissions of these Defendants were not the cause in fact or legal cause of any alleged damages to Plaintiff.

**FIFTEENTH DEFENSE**

Plaintiff's damages under Title VII are limited by all applicable statutory caps.

**SIXTEENTH DEFENSE**

Plaintiff has failed to allege harm sufficient to support an award of equitable relief.

**RESERVATION OF RIGHTS**

These Defendants reserve the right to add additional defenses as further investigation and discovery reveal information relating to Plaintiff's claims and Defendants' defenses.

WHEREFORE, these Defendants respectfully request that the Court enter judgment against Plaintiff and in favor of Defendants, that the Court dismiss Plaintiff's Amended Complaint with prejudice, that Defendants be awarded the fees and costs incurred in its defense of this matter, and that Defendants be granted all other appropriate relief.

Respectfully submitted,

BARNES & THORNBURG LLP

*/s/Kathleen M. Anderson*
Kathleen M. Anderson
**BARNES & THORNBURG, LLP**
888 South Harrison Street, Suite 600
Fort Wayne, IN  46802
Tel:     (260) 425-4657
Fax:     (260) 424-8316
Email:  kathleen.anderson@btlaw.com

34

Justine Farris-Niehaus
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:     (317) 261-7855
Facsimile:     (317) 231-7433
E-Mail:          justine.farris@btlaw.com

*Attorneys for Defendants Xylem Inc. and Xylem
Water Solutions Zelienople LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November 2021, a copy of the foregoing was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system:

Robert A. Bracken
Charles A. Lamberton
**BRACKEN LAMBERTON, LLC**
707 Grant Street
Gulf Tower, Suite 1705
Pittsburgh, PA 15219

*/s/Kathleen M. Anderson*
Kathleen M. Anderson